IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 13 |
| ANGELA L. JOHNSTON, | * | |
|     Debtor | * | |
| | * | |
| ANGELA L. JOHNSTON, | * | |
|     Movant | * | |
| | * | Case No.: 1-05-bk-09657MDF |
| v. | * | |
| | * | |
| DONALD L. KORNFIELD, ESQUIRE, | * | |
| ANDREW J. BENCHOFF, ESQUIRE, | * | |
| KORNFIELD & BENCHOFF, LLP, | * | |
| WILLIAM C. CRAMER, ESQUIRE, | * | |
| CODY CARBAUGH, CHOICE ONE | * | |
| COMPANIES, INC., RICHARD | * | |
| HALLOCK, aka RICHARD RIGSBY, | * | |
| and SUSAN HALLOCK, aka | * | |
| SUSAN RIGSBY, and CHARLES J. | * | |
| DeHART, Trustee, | * | |
|     Respondents | * | |

## OPINION

Before me is an unwonted motion styled "Amended Motion to Affirm the Inapplicability of the Automatic Stay Provisions of 11 U.S.C.A. Section 362(a), or in the Alternative, to Lift the Automatic Stay Nunc Pro Tunc" (the "Motion"). This motion arises from the following facts.

On February 25, 2005, Angela Johnston ("Debtor") and her now ex-husband entered into a contract ("Contract I") to sell residential real estate located on Bikle Road in Chambersburg, Pennsylvania (the "Bikle Road property")[1] to Choice One Companies, Inc. ("Choice"). For reasons unimportant to the instant decision, the closing on Contract I never took place. On May

---

[1] The Bikle Road property consists of two separate, contiguous tracts. For purposes of the instant decision, they may be treated as a single asset.

1

19, 2005, Donald L. Kornfield, Esquire ("Kornfield") filed a complaint in state court on behalf of Choice seeking an order requiring specific performance of the sales agreement ("May 2005 Complaint"). While this action was pending, another agreement of sale ("Contract II") was negotiated between the parties, with Choice's principal, Cody Carbaugh ("Carbaugh"), as an additional purchaser. Closing on Contract II was scheduled for September 30, 2005, but it failed to occur. On October 7, 2005, Debtor moved for judgment on the pleadings in the specific performance action. The court granted Debtor's motion and dismissed the May 2005 Complaint.

On October 15, 2005, Debtor filed the instant bankruptcy case. She included the Bikle Road property on her schedule of real property. None of the parties or attorneys involved in the above-described transactions were listed as creditors and, therefore, none received notice of the bankruptcy. On November 4, 2005, William Cramer, Esquire ("Cramer") filed a complaint (the "November 2005 Complaint") against Debtor in state court on behalf of Carbaugh and Choice seeking specific performance of Contract II. In conjunction with this complaint, Cramer filed a *lis pendens* against the Bikle Road property. On March 10, 2006, the state court entered an order granting Debtor's motion to dismiss the November 2005 Complaint on the basis of *res judicata*, citing the October 7, 2005 dismissal of the May 2005 Complaint.

On December 8, 2005, Debtor filed a motion in this Court to sell the Bikle road property. This motion was noticed to the creditors listed in Debtor's schedules but not to any party or attorney involved in the transactions described above. The sale contemplated by this motion never took place. On July 24, 2006, Debtor filed a new motion to sell the property.[2] Again this

---

[2]Ordinarily, a motion to sell property is not necessary in chapter 13 when the confirmed plan provides for the debtor's property to re-vest in the debtor on the date the plan is confirmed. Debtor's case was originally filed in chapter 7 but it was converted to chapter 13 by Order of

2

motion was not served on any party or attorney involved in the prior sales contracts. On August 16, 2006, this Court entered an order granting Debtor's motion to sell. By deed dated August 18, 2006, Debtor and her ex-husband conveyed both tracts of the Bikle Road property to James and Annika Dowd.

On February 21, 2007, Debtor filed an action in state court naming Kornfield, his law partner Andrew J. Benchoff, their law firm Kornfield & Benchoff LLP, Cramer, Carbaugh, Choice, and Richard and Susan Hallock as defendants. In her complaint Debtor sought damages for wrongful use of civil proceedings, fraud, and civil conspiracy based on the filing of the November 2005 Complaint and the subsequent *lis pendens*. In response to Debtor's complaint, Cramer filed preliminary objections arguing that the November 2005 Complaint was filed in violation of the automatic stay. He argued that the order dismissing the November 2005 Complaint on grounds of *res judicata* was void *ab initio* because the state court lacked subject matter jurisdiction over the estate property. Cramer further contended that if the dismissal was void, then there was no suit terminated in Debtor's favor, a necessary element under the state statute in making out a case for wrongful use of civil process. *See* 42 Pa. C.S.A. § 8351. In response to Cramer's state court argument, Debtor filed the instant motion in this Court requesting a declaratory order stating that the automatic stay was not "in place" on November 4, 2005 or, alternatively that even if the stay existed, it did not act as a bar to the filing of the

---

March 30, 2006. Debtor's plan provided for property to re-vest in her at confirmation, but the plan was not confirmed until September 12, 2006. Consequently, Debtor was required to obtain court approval for this sale.

3

November 4 Complaint. Cramer has requested summary judgment denying Debtor's motion.³

The matter is ready for decision.⁴

## Discussion

The automatic stay imposed under 11 U.S.C. § 362 when a bankruptcy petition is filed is one of the primary protections provided to debtors by the Bankruptcy Code. Section 362(k) allows debtor to obtain damages from a creditor who violates the stay. Clearly, filing a state court action against Debtor after the commencement of a bankruptcy case violates the automatic stay. As the facts outlined above indicate, Debtor's instant motion places Cramer in the unique position of asserting that his filing of the November 2005 Complaint constituted a violation of the stay, although he asserts that the violation was unintentional. Similarly, it places Debtor in the unusual position of arguing that she was *not* protected by the automatic stay against the filing of the November 2005 Complaint, and she requests a declaratory judgment to that effect. She seeks this judgment not for purposes of her bankruptcy case; rather, she seeks to use it to her advantage in her state court suit. A declaratory judgment in her favor will have no impact on the Bikle Road property, which has been sold and is no longer property of the estate. Indeed, a judgment in her favor will have no impact on the chapter 13 estate – under her confirmed plan, she is obligated to pay from her salary or wages $306.16 per month for sixty months to the

---

³Respondents Carbaugh and Choice One have filed similar motions for summary judgment. No response to Debtor's Motion have been filed by Respondents Kornfield, Benchoff, Kornfield and Benchoff, LLP, Richard Hallock or Susan Hallock. Nonetheless, the instant Opinion and the Order that follows will dispose of the Motion as to all Respondents.

⁴I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(G) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052 and 9014.

Trustee. While Debtor indicates in her pleadings that she would use the proceeds of the state court suit to fund her plan, in the absence of a plan provision providing for this contingency, I am not willing to accept this representation as fact.[5]

    *a.    Request for declaratory judgment*

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides an avenue for federal courts to issue declaratory judgments in certain circumstances. "In a case of actual controversy, within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The United States Supreme Court has interpreted this language to mean that federal courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Company,* 515 U.S. 277, 282(1995). Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288. In other words, "federal district courts wield broad and selective discretion in determining whether to entertain a declaratory judgment action." *James ex rel. James v. Richman*, 465 F.Supp.2d 395, 407-08 (M.D. Pa. 2006) (citations and internal quotations omitted.)

---

[5]Moreover, Debtor cannot pay off her plan with the proceeds of the litigation without first moving to amend the plan. "Generally, a debtor in whom estate property is vested may sell [or otherwise liquidate] the property without first obtaining court approval. However, if proceeds of such [liquidation] are to be used to partly fund or pay off a plan and the plan did not anticipate this payment scheme, the debtor must obtain the court's approval to modify the plan *before* consummating the [liquidation]." *In re Turek*, 346 B.R. 350, 360 (Bankr. M.D. Pa. 2006)

5

In the instant case, Debtor does not cite the Declaratory Judgment Act in either her motion or her brief. For this reason alone, I am not inclined to exercise my discretion under that Act in this case. Moreover "when a pending proceeding in another court will fully resolve the controversy between the parties' a district court may exercise its discretion and deny a request for declaratory judgment." *Zinn v. Farmers New Century Ins. Co.*, __ Fed. Supp. 2d __, 2007 WL 1811224, *2 (M.D. Pa. June 21, 2007). In the instant case, the question of whether the automatic stay effected by Debtor's petition acted to preclude or invalidate the November 2005 Complaint can be resolved by the state court trying Debtor's suit for wrongful use of civil proceedings. "[I]t is well-settled that state courts have concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay." *In re Lawrence B. Cummings,* 201 BR. 586, (Bankr. S.D. Fla. 1996); *In re Cortellessa*, 2006 WL 1997407, *2 (Bankr. E.D. Pa. June 9, 2006); *In re Steward,* 338 B.R. 654, 658 (Bankr. D. N.J. 2006); *In re Singleton,* 230 B.R. 533, 538-39 (6th Cir. B.A.P. 1999). In the instant case, the appropriateness of declining jurisdiction is magnified by the fact that, as discussed above, Debtor does not seek a declaration for purposes of litigation in this Court but seeks it specifically for purposes of thwarting a defense raised in state court. Accordingly, I will deny Debtor's motion insofar as it requests a declaratory judgment regarding the effect of the stay on the November 2005 Complaint.

    b.    *Nunc pro tunc relief*

As the alternative to declaratory relief, Debtor also seeks an order to effectively grant to Cramer *et al* relief from the stay retroactive to November 4, 2005. Again, this highly unusual request puts the parties in positions opposite to the ones they would ordinarily occupy in bankruptcy – Debtor seeks to throw off the protections of the automatic stay, compelling Cramer

6

to raise the stay as a shield against himself. The reversal in the positions typically taken by the parties does not affect the outcome in this case, however. Relief from the automatic stay is determined by the provisions of § 362(d) regardless of which party is filing the motion. Section 362(d) provides, in pertinent part, that the stay may be terminated, annulled, modified or conditioned "for cause." 11 U.S.C. § 362(d). In filing the instant motion, Debtor might have borrowed from the actual language of section 362(d) and requested the annulment of the automatic stay instead of seeking relief "*nunc pro tunc.*" Notwithstanding the unusual manner in which Debtor has framed the issue, annulment of the stay is clearly the kind of relief that Debtor seeks.

"[A]ctions in violation of the stay, although void (as opposed to voidable), may be revitalized in appropriate circumstances by retroactive annulment of the stay." *In re Myers*, __ F.3d __, 2007 WL 1775125, *7 (3rd Cir. June 21, 2007) *citing In re Siciliano,* 13 F.3d 748, 751 (3rd Cir. 1994). Although section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, retroactive annulment should be "applied only in extreme circumstances." *In re Shamblin,* 890 F.2d 123, 126 (9th Cir.1989) *quoting In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995) (other citations omitted). "Whether to annul the automatic stay is a decision committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion." *Myers*, 2007 WL 1775125 at *6. "[B]alancing the equities is the appropriate test" for determining whether the stay should be annulled. *Id.* "[T]he most important factors in making this determination are (1) whether the creditor was aware of the filing or encouraged violation of the stay; (2) whether the debtor engaged in inequitable, unreasonable, or dishonest behavior; and (3) whether the creditor would be prejudiced."

7

Case 1:05-bk-09657-MDF    Doc 75    Filed 08/15/07    Entered 08/15/07 15:28:52    Desc
Main Document      Page 7 of 8

In the instant case, Debtor does not dispute that Respondents were not made aware of her filing of a bankruptcy petition. Debtor engaged in inequitable behavior by failing to notice parties of her bankruptcy filing when she had ample and ongoing opportunities to do so. Rather than addressing the matter in a simple and straightforward manner, she chose to wait and file her state court complaint in apparent hopes of obtaining an award of damages from several deep pockets. Finally, annulment of the stay would have the same impact on Debtor's abuse of civil process complaint as a declaratory judgment that the stay did not apply to the November 4 complaint. That is, annulment of the stay would effectively remove the procedural defect that invalidated the filing of that complaint in state court and the judgment that resulted. I see no reason to allow Debtor to effectively obtain a declaratory judgment simply by calling it something else. Again, the state court in which Debtor's action is pending has concurrent jurisdiction to determine whether the stay applied to the November 4 Complaint or not. It would be inappropriate to grant Debtor's request for the annulment of the stay and thereby usurp the state court's ability to determine this issue.

Accordingly, I will deny Debtor's motion insofar as it seeks annulment of the stay. An appropriate order will be entered.

By the Court,

Mary D. France
Bankruptcy Judge

Date: August 15, 2007

*This document is electronically signed and filed on the same date.*